IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILY FONTENOT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2460-P |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Emily Fontenot seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled due to arthritis and fibromyalgia. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 18, 2003. At the time of the hearing, plaintiff was 40 years old. She has a high school diploma with two years of college and past work experience as a graphic artist, bookkeeper, and advertising assistant. Plaintiff has not engaged in substantial gainful activity since May 15, 1998.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from arthritis and fibromyalgia, the judge concluded that the severity of those impairments did not meet or equal

any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as an identification/security clerk, a referral and information aide, and a surveillance system monitor--jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

Plaintiff challenges the hearing decision on three grounds: (1) the assessment of her residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence; (2) the ALJ improperly discredited her testimony regarding functional limitations due to pain; and (3) the finding that she can perform other work in the national economy was based on an improper hypothetical question to the vocation expert.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837

F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

In her first ground for review, plaintiff contends that the ALJ improperly rejected the opinion of her treating physician in determining that she had the residual functional capacity to perform a limited range of sedentary work. The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4

(SSA Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

    (1)    the physician's length of treatment of the claimant;

    (2)    the physician's frequency of examination;

    (3)    the nature and extent of the treatment relationship;

    (4)    the support of the physician's opinion afforded by the medical evidence of record;

    (5)    the consistency of the opinion with the record as a whole; and

    (6)    the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

    The record shows that plaintiff received treatment for arthritis and fibromyalgia from Dr. Scott J. Zashin, a rheumatologist, approximately once a month from April 1996 to December 1999. (*See* Tr. at 143, 165). In a medical source statement dated January 4, 2000, Dr. Zashin noted that plaintiff was restricted in her ability to perform certain activities on a regular and continuing basis. Among these restrictions are: (1) the inability to sit for more than 20 minutes at a time or more than two hours during an eight-hour work day; (2) the inability to stand or walk for more than 30 minutes

at a time or more than one hour during an eight-hour work day; (3) requiring at least three hours of rest in a reclining or supine position to relieve pain and fatigue; and (4) the inability to lift any weight, use her hands repetitively, or perform any postural activities. (*See id.* at 230-34). The ALJ rejected this opinion citing the lack of objective medical evidence. (*Id.* at 14-15). However, the judge all but ignored that Dr. Zashin was a rheumatology specialist who treated plaintiff once a month for more than three years. Nor does the hearing decision indicate that the ALJ even considered the section 404.1527(d)(2) factors. As a result, the judge did not "clearly articulate" his reasons for rejecting Dr. Zashin's opinion.

This legal error was compounded by the fact that fibromyalgia is a disease that cannot be conclusively confirmed by objective diagnostic tests:

> In stark contrast to the unremitting pain of which fibrositis patients complain, physical examinations will usually yield normal results – a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. *There are no objective tests which can conclusively confirm the disease*; rather it is a process of diagnosis by exclusion and testing of certain "focal tender points" on the body for acute tenderness which is characteristic of fibrositis patients.

*Preston v. Secretary of Health and Human Services*, 854 F.2d 815, 817-18 (6th Cir. 1988) (emphasis added). *See also Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (same); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir.), *cert. denied*, 121 S.Ct. 628 (2000) (same); *Sarchet v. Chater*, 78 F.3d 305, 306-307 (7th Cir. 1996) (noting that the "cause or causes [of fibromyalgia] are unknown, there is no cure, and of greatest importance to disability law, its symptoms are entirely subjective"); SSA Memorandum, Fibromyalgia, Chronic Fatigue Syndrome, and Objective Medical Evidence Requirements for Disability Adjudication (May 11, 1998) (recognizing importance of residual functional capacity assessments performed by treating physicians where claimant suffers from fibromyalgia because such observations may be the only "medically acceptable clinical

technique" available). By insisting on objective medical evidence to support a treating source opinion, the ALJ created an impossible burden for plaintiff who suffers from a disease with no objective manifestations other than pain. *Green-Younger*, 335 F.3d at 106 (ALJ erred by failing to give controlling weight to treating source opinion and effectively requiring objective evidence beyond clinical findings necessary for diagnosis of fibromyalgia).

The ALJ also noted that plaintiff's symptoms do not preclude her from performing a variety of activities such as household chores, cooking, grocery shopping, and doing small loads of laundry. (*See* Tr. at 13). That plaintiff is able to engage in such daily activities does not mean she has the residual functional capacity to perform gainful and substantial work. Nor does it constitute "good cause" for rejecting the opinion of her treating physician. *See Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988) (ALJ committed reversible error by rejecting medically credited sympomatology based upon claimant's testimony that he "took care of his personal needs, performed household chores, and occasionally went to church"); *Perl v. Barnhart*, No. 03-4580, 2005 WL 579879 at *6 (E.D. Pa. Mar. 10, 2005) (evidence that claimant performed minor household chores, infrequently attended movies, and participated in one three-day vacation over a period of several years did not constitute good cause for rejecting treating source opinion). Although plaintiff can perform some household chores, she has to break her cleaning and shopping into small segments over the course of a week so she can take frequent rest breaks. (*See* Tr. at 125, 130). This is entirely consistent with Dr. Zashin's opinion that plaintiff can sit for only two hours, stand or walk for only one hour, and needs three hours of rest during an eight-hour work day. (*Id.* at 232).

Finally, the ALJ relied on other medical evidence indicating that plaintiff's arthritis was "doing O.K." or "doing well" and that, with therapy, plaintiff showed "good progress" and "was improving overall." (*Id.* at 13). However, the judge ignored the context in which these statements

were made--an intensive therapy regime, including weekly Gold shots and Methotrexate, that was largely unsuccessful in controlling plaintiff's pain. (*See id.* at 164). The ALJ also failed to consider other statements made by plaintiff's doctors, such as her arthritis "is not doing well" or "has been bad" and that she is "bothered a lot" by other pain. (*See, e.g. id.* at 253, 257, 267). This selective reading of the record does not constitute "other substantial evidence" which would support the wholesale rejection of Dr. Zashin's opinion. Accordingly, the hearing decision must be reversed.[1]

## RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.